# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| **CATHY WEIGLE,** <br><br> Plaintiff, <br><br> vs. <br><br> **PERFORMANT RECOVERY, INC.;** **and DOES 1 through 10, inclusive,** <br><br> Defendant. | **Civil Action No.: 1:13-cv-339** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

### I.  INTRODUCTION

1.  This is an action for actual and statutory damages brought by Plaintiff, Cathy Weigle, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

### III. PARTIES

3. Plaintiff, Cathy Weigle, is a natural person with a permanent residence in Brevard, Transylvania County, North Carolina 28712.

4. Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. On or about October 22, 2013, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to garnish Plaintiff's wages.

8. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

9. Defendant is a debt collection company and as a debt collection company attempting to collect on an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

10. The representations made to Plaintiff by Defendant regarding garnishment were false.

11. On or about October 3, 2013 and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment on the alleged debt without also informing Plaintiff that Plaintiff could dispute the validity of the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

12. On or before October 10, 2013, Plaintiff contact Defendant and informed Defendant that Plaintiff had canceled the credit card which Plaintiff was using to make scheduled payments to Defendant and requested that Defendant cease all future scheduled payments on the card.

3

13. After October 10, 2013, Defendant, in connection with the collection of an alleged debt, attempted to process a payment on Plaintiff's canceled credit card causing Plaintiff to be charged an overdraft fee.

14. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

15. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

16. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

17. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

### V. FIRST CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

19. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress,

4

or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(c) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(g) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Cathy Weigle, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.   SECOND CLAIM FOR RELIEF

22. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

23. Defendant violated the North Carolina Fair Debt Collection Practices Act, N.C. Gen.Stat. § 58-70, et seq.

24. The Plaintiff is a 'person' as the term is defined by N.C. Gen. Stat. § 58-70-6(4).

25. The Defendant is a 'collection agency' as the term is defined by N.C. Gen. Stat. § 58-70-15, and is duly licensed to collect debt in the state of North Carolina pursuant to N.C. Gen. Stat. § 58-70-1.

26. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§58-70-110* of the NCFDCPA by using fraudulent, deceptive or misleading representations to collect or attempt to collect a debt or obtain information concerning a consumer.

27. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the foregoing violations of the NCFDCPA, Defendant is liable to the plaintiff Cathy Weigle for actual damages, statutory damages, and costs and attorney fees.

///

///

///

///

///

///

///

///

///

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and the NCFDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Cathy Weigle, demands trial by jury in this action.

DATED: December 23, 2013     RESPECTFULLY SUBMITTED,

By: /s/ Christopher D. Lane, Esq.

Christopher D. Lane, Esq.
Bar Number: 20302
3802 Clemmons Road, Suite A
Clemmons, NC 27012
Telephone: (336) 766-0229
Facsimile: (336) 766-9145
Email: cdllaw@juno.com
*Attorney for Plaintiff, Cathy Weigle*